1

The Honorable Judge Marsha J. Pechman

2

3

4

5

6

UNITED STATES DISTRICT COURT

7

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

ROBERT ENNIS, an individual,                              )
                                                          )
10                                        Plaintiff,       )    No. C-08-0322-MJP
                                                          )
11              v.                                        )    DEFENDANT RODNEY K. LOWE'S
                                                          )    MOTION TO DISMISS PURSUANT TO
12      MORTGAGETREE LENDING, INC., a                     )    FED. R. CIV. P. 12(B)(2) FOR LACK OF
        California corporation; DIANA GROSSMANN,)              PERSONAL JURISDICTION OR, IN
13      an individual; ROBERT DRAIZEN, an                 )    THE ALTERNATIVE, FOR TRANSFER
        individual; PATRICK MIZE, an individual; and )         OF VENUE PURSUANT TO 28 U.S.C.
14      RODNEY K. LOWE, an individual and Trustee )            §1404
15      of the R&K Lowe 1997 Revocable Trust, the         )
        Merissa Shea Lowe Irrevocable Trust, and the      )
16      Kara Brook Lowe Irrevocable Trust,                )
                                                          )    NOTE ON MOTION CALENDAR:
17                                                        )    MARCH 28, 2008
                                        Defendants.       )
18      _____)

19                      I.  **INTRODUCTION AND BACKGROUND**

20           Defendant Rodney K. Lowe moves this Court, pursuant to Federal Rule of Civil

21      Procedure 12(b)(2), for an order dismissing the claims in plaintiff Robert Ennis's Amended

22      Complaint asserted against Lowe on the ground that the Court lacks personal jurisdiction over

23      him.  Lowe further seeks his attorneys' fees as a non-resident defendant prevailing party,

24
25      pursuant to RCW 4.28.185(5).

26

DEFENDANT LOWE'S MOTION TO DISMISS PURSUANT TO
FED. R. CIV. P. 12(B)(2) OR FOR TRANSFER OF VENUE
PURSUANT TO 28 U.S.C. § 1404 (C-08-0322-MJP)  Page - 1

N:\CLIENTS\27837\1\PLEADINGS\MOTION.TO.DISMISS.DOC

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Lowe is a resident of California, and has no contacts with the State of Washington. He did not sign the Agreement, Waiver and General Release giving rise to this litigation, he did not negotiate the Agreement, and in fact has never communicated with Ennis. Prior to the initiation of this litigation, he had not been to Washington in more than 20 years, and the tortious acts alleged against Lowe in the Amended Complaint did not occur in the State of Washington. Lowe has not availed himself of the protections and benefits of this state. Imposing jurisdiction on him would be unreasonable, and offend traditional notions of fair play and substantial justice. For these reasons, Lowe respectfully requests that this Court enter an Order dismissing Ennis's Amended Complaint against him.

In the alternative, should the Court find that it has personal jurisdiction over Lowe, Lowe respectfully requests that this Court enter an Order transferring this case to the Eastern District of California pursuant to 28 U.S.C. § 1404.

## II. STATEMENT OF FACTS

### A.    The parties.

Defendant MortgageTree Lending, Inc. is a California corporation. Amended Complaint, ¶ 2. Plaintiff Robert Ennis was employed as the branch manager of a MortgageTree office in Puyallup, Washington (the "branch"). *Id.*, ¶ 9. Defendant Diana Grossmann was MortgageTree's President and a director. *Id.*, ¶ 3. Defendant Robert Draizen was MortgageTree's Chief Operating Officer. *Id.*, ¶ 4. Defendant Patrick Mize was MortgageTree's Chief Financial Officer. *Id.*, ¶ 5. Lowe was a member of MortgageTree's board of directors. *Id.*, ¶ 6. Contrary to the allegations in the Amended Complaint, however, Lowe was not an officer. Declaration of Rodney K. Lowe in Support of Motion to Dismiss ("Lowe Dec."), ¶ 3.

DEFENDANT LOWE'S MOTION TO DISMISS PURSUANT TO
FED. R. CIV. P. 12(B)(2) OR FOR TRANSFER OF VENUE
PURSUANT TO 28 U.S.C. § 1404 (C-08-0322-MJP)  Page - 2

N:\Clients\27837\1\Pleadings\Motion.to.Dismiss.doc

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Ennis's Amended Complaint alleges only that, "[j]urisdiction and venue are proper pursuant to RCW 4.12.025." Amended Complaint, ¶ 8.

**B.    Background.**

In December 2002, the branch suffered a fire loss. *Id.*, ¶ 11. Approximately seven months later, in July 2003, a claim was submitted with MortgageTree's insurer. *Id.*, ¶ 12. Thereafter, on October 7, 2003, Ennis met with Grossman, Draizen, and Mark Runyon (MortgageTree's Chief Executive Officer) to discuss how to apportion any insurance proceeds received from the insurer. *Id.*, ¶ 13. Lowe did not participate in this meeting. *Id.*

On October, 27, 2003, Ennis and Runyon, on behalf of MortgageTree, signed an Agreement, Waiver and General Release regarding the apportionment of any insurance proceeds received from the insurer. *Id.*, ¶ 14. The Agreement contains a choice-of-law provision stating that, "[t]his Agreement is entered into, and shall be construed and interpreted in accordance with, the laws of the State of California." Agreement, Waiver and General Release attached to the Declaration of Rob J. Crichton in Support of Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) or in the alternative For Transfer of Venue Pursuant to 28 U.S.C. § 1404 ("Crichton Dec."), Ex. A.

MortgageTree entered into a settlement agreement with its insurer in March 2007. The insurer then transferred $378,000 to MortgageTree to settle MortgageTree's insurance claim. *Id.*, ¶¶ 16, 18. Ennis claims that he is entitled to a portion of these funds under the terms of the Agreement. *Id.*, ¶ 18.

According to the allegations contained in Ennis's Amended Complaint, Ennis sent an e-mail to Mize requesting payment of a portion of the insurance settlement proceeds. *Id.*, ¶ 18. Mize forwarded Ennis's e-mail to defendants Draizen and Grossmann (**but not** *Lowe*). *Id.*, ¶ 19.

DEFENDANT LOWE'S MOTION TO DISMISS PURSUANT TO
FED. R. CIV. P. 12(B)(2) OR FOR TRANSFER OF VENUE
PURSUANT TO 28 U.S.C. § 1404 (C-08-0322-MJP)  Page - 3

N:\Clients\27837\1\Pleadings\Motion.to.Dismiss.doc

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Grossmann responded to Mize's email by sending an email to Mize and Draizen regarding payment of any of the insurance proceeds to Ennis. *Id.* Ennis does not allege that Lowe was a party to these email exchanges. *Id.*

On June 4, 2007, Ennis filed suit against MortgageTree, Runyon, Grossmann, Draizen, and Mize alleging that the defendants refused to pay him his share of the insurance proceeds. *Id.*, ¶18. Lowe was not named as a defendant in the original Complaint. On January 23, 2008, Ennis served Lowe with the Amended Complaint, which alleges that all of the defendants (including Lowe) misappropriated insurance proceeds belonging to Ennis. *Id.*, ¶ 17. Runyon was not named as a defendant in the Amended Complaint.

Pursuant to 28 U.S.C. §§ 1332 and 1441, Lowe removed this action to federal court on February 22, 2008. Docket No. ("Dkt.") 1.

**C.    Lowe has no connections to this forum.**

Lowe has no connections with Washington State.

- He is domiciled and resides in California, not Washington;

- He pays California state income taxes;

- He has never paid taxes in Washington;

- He has never been employed by a Washington corporation;

- He has never employed anyone in Washington;

- He has never owned or leased property in Washington;

- He does not maintain any bank accounts in Washington;

- He has a California driver's license;

- He has never been married in Washington; and

DEFENDANT LOWE'S MOTION TO DISMISS PURSUANT TO
FED. R. CIV. P. 12(B)(2) OR FOR TRANSFER OF VENUE
PURSUANT TO 28 U.S.C. § 1404 (C-08-0322-MJP)  Page - 4

N:\Clients\27837\1\Pleadings\Motion.to.Dismiss.doc

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

- Prior to the initiation of this litigation, Lowe had not been to Washington since sometime in the early 1980s, when he was here on vacation with his family.

Lowe Dec., ¶¶ 1-12.

Further, Lowe was not a party to the Agreement, and did not sign the Agreement on behalf of MortgageTree. *Id.*, ¶ 13. Lowe was not involved in the negotiations regarding the Agreement. *Id.*, ¶ 14. He has never communicated with Ennis. *Id.*, ¶ 15.

MortgageTree maintains its bank accounts in California. The insurance proceeds MortgageTree received from its insurer were deposited into a MortgageTree bank account maintained at County Bank in Modesto, California. *Id.*, ¶ 16. County Bank does not have any branches in Washington. *Id.*, ¶ 17.

## III.  LEGAL ARGUMENT

### A.  Legal standard for the asserting personal jurisdiction over Lowe.

When a defendant moves to dismiss the plaintiff's complaint under Rule 12(b)(2), the plaintiff bears the burden of making a prima facie showing that the court has personal jurisdiction over the defendant. *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1128-29 (9th Cir. 2003). It is incumbent on the plaintiff to provide evidence that, if believed, would support the exercise of personal jurisdiction over the defendant. *Id.*, at 1129. The bare allegations in a complaint are not sufficient to make such a showing where the defendant presents evidence controverting them. *AT&T Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996). Here, Ennis cannot make the requisite showing.

### B.  Washington does not have jurisdiction over Lowe.

#### 1.  Washington does not have general jurisdiction over Lowe.

A court may only exercise its power over a nonresident defendant if the court has specific or general jurisdiction. *MBM Fisheries, Inc. v. Bollinger Machine Shop & Shipyard, Inc.*, 60

DEFENDANT LOWE'S MOTION TO DISMISS PURSUANT TO
FED. R. CIV. P. 12(B)(2) OR FOR TRANSFER OF VENUE
PURSUANT TO 28 U.S.C. § 1404 (C-08-0322-MJP)  Page - 5

N:\Clients\27837\1\Pleadings\Motion.to.Dismiss.doc

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1    Wn. App. 414, 418, 804 P.2d 627 (1991); *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223

2    F.3d 1082, 1086 (9th Cir. 2000).  The court has general jurisdiction over a nonresident defendant

3    where he maintains "substantial" or "continuous and systematic" contacts with the forum state.

4    *Id.*  Where this is the case, the nonresident defendant can be haled into court on any action, even

5    one unrelated to its contacts with the state.  *Id.*

6

7            Lowe does not have substantial and continuous contacts with Washington.  He is a

8    resident of California.  Lowe Dec., ¶ 2.  He has never been a Washington resident.  *Id.*  In fact,

9    prior to the initiation of this litigation, Lowe had not been to the state since sometime in the early

10   1980s, well before any of the alleged wrongs at issue here occurred.  *Id.*, at ¶ 12.  He has never

11   been employed by a Washington corporation, and has never paid taxes in Washington.  *Id.*, ¶¶ 5-

12   6.  He has never employed anyone in Washington, and he has never owned property in

13   Washington.  *Id.*, ¶¶ 7-8.  This Court does not have general jurisdiction over Lowe.

14

15       **2.    This Court does not have specific jurisdiction over Lowe.**

16           To determine whether a court has specific jurisdiction over a defendant in a diversity

17   action such as this, the court inquires whether assertion of jurisdiction satisfies the law of the

18   forum state as well as due process requirements.  *McGowan v. Pillsbury*, 723 F. Supp. 530, 534

19   (W.D. Wash. 1989).  Washington's long-arm statute provides:

20

21               (1)  Any person, whether or not a citizen or resident of this state, who in
            person or through an agent does any of the acts in this section enumerated,
22           thereby submits said person, and, if an individual, his personal
            representative, to the jurisdiction of the courts of this state as to any cause
23           of action arising from the doing of any of said acts:

24                   (a)  The transaction of any business within this state;

25                   (b)  The commission of a tortious act within this state;

26           …

DEFENDANT LOWE'S MOTION TO DISMISS PURSUANT TO
FED. R. CIV. P. 12(B)(2) OR FOR TRANSFER OF VENUE
PURSUANT TO 28 U.S.C. § 1404 (C-08-0322-MJP)  Page - 6

N:\Clients\27837\1\Pleadings\Motion.to.Dismiss.doc

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

(3)  Only causes of action arising from acts enumerated herein may be asserted against a defendant in an action in which jurisdiction over him is based upon this section.

RCW 4.28.185.  Ennis cannot establish jurisdiction under either of these subsections.

### a.    Lowe has not committed a tortious act in Washington.

Washington's long-arm statute confers jurisdiction over all causes of action arising out of "[t]he commission of a tortious act within the state."  RCW 4.28.185(1)(b).  To determine whether a tortious act occurred in Washington, the "last event necessary to make the defendant liable" must have occurred in Washington.  *MBM Fisheries*, 60 Wn. App. at 425; *Oertel v. Bradford Trust Co.*, 33 Wn. App. 331, 337, 655 P.2d 1165 (1982).

*Oertel* is instructive.  In *Oertel*, the plaintiff alleged that the nonresident trust company converted the plaintiff's bonds.  The plaintiff argued that Washington had jurisdiction over the defendant because the impact or damage from the conversion occurred within Washington.  *Id.*, at 337.  The court disagreed, finding that Washington did not have personal jurisdiction over the defendant because the last event necessary to make the defendant liable occurred outside of Washington.  *Id.*  Since the bonds were not located in Washington, the court lacked jurisdiction, regardless of where the impact or damage was felt by the plaintiff.  *Id.*

Likewise, in *CTVC of Hawaii, Co., LTD v. Shinawatra*, 82 Wn. App. 699, 717-18, 919 P.2d 1243 (1996), the court found that Washington did not have personal jurisdiction over a nonresident defendant, who was not in Washington when he allegedly committed the tortious acts against the plaintiff.

Ennis's Amended Complaint does not contain any allegations or causes of action aimed specifically at Lowe.  Instead, Ennis alleges sundry tort claims against the defendants collectively, including conversion, unjust enrichment, willful withholding of wages, tortious

DEFENDANT LOWE'S MOTION TO DISMISS PURSUANT TO
FED. R. CIV. P. 12(B)(2) OR FOR TRANSFER OF VENUE
PURSUANT TO 28 U.S.C. § 1404 (C-08-0322-MJP)  Page - 7

N:\Clients\27837\1\Pleadings\Motion.to.Dismiss.doc

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

interference with contractual relations, breach of fiduciary duty, and negligence. Amended

Complaint, ¶ 21. While separately identified, all of these causes of action are based on the same

two allegations in the Amended Complaint: First, that the "defendants misappropriated the

insurance proceeds belonging to Mr. Ennis for defendants' own purposes;" and, second, that the

"[d]efendants moved money in and out of MortgageTree for their personal benefit in disregard of

the corporate entity." *Id.*, ¶¶ 17, 20.

Even accepting these allegations as true for the purposes of this motion, these tortious

acts did not take place in Washington. MortgageTree's bank accounts are in California.

Deposition of Patrick Mize, attached to Crichton Dec., at Ex. B, pp. 24-25; 53-54. The specific

insurance proceeds at issue here were deposited in an account at County Bank, which is located

in California. Lowe Dec., ¶ 16. County Bank does not operate any branches outside of

California. *Id.*, ¶ 17. If Lowe had misappropriated the insurance proceeds or moved money in

and out of MortgageTree, he would have had to have done so in California. As the court in

*Oertel* found on similar facts, Washington does not have jurisdiction under these circumstances.

### b.    Lowe has not transacted any business in Washington.

Washington's long-arm statute also confers specific jurisdiction over all causes of action

arising out of a nonresident defendant's "transaction of any business within this state." RCW

4.28.185(1)(a). However, the court may only exercise personal jurisdiction over a nonresident

defendant if the following factors are satisfied:

> (1) The nonresident defendant ...must purposefully do some act or
> consummate some transaction in the forum state; (2) the cause of action
> must arise from, or be connected with, such act or transaction; and (3) the
> assumption of jurisdiction by the forum state must not offend traditional
> notions of fair play and substantial justice, consideration being given to
> the quality, nature, and extent of the activity in the forum state, the relative
> convenience of the parties, the benefits and protection of the laws of the

DEFENDANT LOWE'S MOTION TO DISMISS PURSUANT TO
FED. R. CIV. P. 12(B)(2) OR FOR TRANSFER OF VENUE
PURSUANT TO 28 U.S.C. § 1404 (C-08-0322-MJP)  Page - 8

N:\Clients\27837\1\Pleadings\Motion.to.Dismiss.doc

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

forum state afforded the respective parties, and the basic equities of the situation.

*Shinawatra*, 82 Wn. App. at 709-10; *McGowan*, 723 F. Supp. at 534.

> **(i)    Lowe has not purposefully availed himself of the protections of Washington's laws.**

In order to satisfy the first factor, a plaintiff must make a prima facie showing that the nonresident defendant has "purposefully avail[ed] [himself] of the privilege of conducting activities within the forum state, thereby invoking the benefits and protections of its laws." *Walker v. Bonney-Watson Co.*, 64 Wn. App. 27, 34, 823 P.2d 518 (1992) *citing Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). Purposeful availment may be established by a nonresident defendant's act of doing business in Washington or by initiating a transaction outside the state in contemplation that some phase of it will take place in the forum state. *Shinawatra*, 82 Wn. App. at 711.

However, mere association with a corporation that does business in the forum state is not sufficient in itself to permit that forum to assert jurisdiction over a director or officer of the corporation. *Davis v. Metro Productions, Inc.*, 885 F.2d 515, 520 (1989); *Harbison v. Garden Valley Outfitters, Inc.*, 69 Wn. App. 590, 601, 849 P.2d 669 (1993) (holding that individual owners of company were distinct from company itself for purposes of jurisdictional analysis). The focus is on the defendant's own contacts with the forum state, not the corporation's. *Id.*

Lowe was not a party to the Agreement, Waiver and General Release, and did not sign the Agreement on MortgageTree's behalf. Lowe Dec., ¶ 13. Lowe did not negotiate the Agreement, and has never communicated with Ennis. *Id.*, ¶¶ 14-15. Lowe had never been to Washington for any reason related to MortgageTree prior to the initiation of this lawsuit, and in fact had not been to Washington at all since the early 1980s, when he was in the state on vacation

DEFENDANT LOWE'S MOTION TO DISMISS PURSUANT TO
FED. R. CIV. P. 12(B)(2) OR FOR TRANSFER OF VENUE
PURSUANT TO 28 U.S.C. § 1404 (C-08-0322-MJP) Page - 9

N:\Clients\27837\1\Pleadings\Motion.to.Dismiss.doc

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1    with his family. *Id.*, ¶ 12. Put simply, Lowe has never transacted business in Washington or

2    initiated any transaction aimed at Washington. Ennis cannot make the requisite showing that

3    Washington has specific jurisdiction over Lowe.[1]

4

5              **(ii)    Ennis's causes of action do not arise out of Lowe's contacts with Washington, because Lowe has no such contacts.**

6            To determine whether a claim against a nonresident defendant arises from, or is

7    connected with, his business activities within the forum, courts apply the "but for" test.

8    *Shinawatra*, 82 Wn. App. at 719; *Doe v. Am. Nt'l Red Cross*, 112 F.3d 1048, 1052, n.7 (9th Cir.

9    1997). Under this standard, jurisdiction is only proper if the events giving rise to the claim

10    would not have occurred "but for" the defendant's business activities within Washington.

11    *Shinawatra*, 82 Wn. App. at 719. This test preserves the requirement that there be some nexus

12    between the cause of action and the defendant's activities in the forum, as required by RCW

13    4.28.185(3).

14            As detailed above, Lowe has not transacted any business activities in, or aimed at,

15    Washington. Lowe Dec., ¶¶ 2-15. Accordingly, no cause of action arises therefrom. Ennis

16    cannot establish the second jurisdictional element.

17

18            **3.    It would offend traditional notions of fair play and substantial justice for Washington to exercise jurisdiction over Lowe.**

19            Even if the plaintiff bears his burden of demonstrating that the nonresident defendant has

20    purposefully availed himself of the protections and benefits of Washington law, and that his

21    claims arise from the defendant's contacts with Washington, the Court must still consider

---

[1] The Agreement contains a choice-of-law provision explicitly stating that "[t]his Agreement is entered into, and shall be construed and interpreted in accordance with, the laws of the State of California." While Lowe was not involved in negotiating the Agreement, even if he had been, the existence of this choice-of-law provision weighs in favor of finding that personal jurisdiction does not exist. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 482, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (choice-of-law clause in contract is a factor that should be considered when making jurisdictional determination).

DEFENDANT LOWE'S MOTION TO DISMISS PURSUANT TO
FED. R. CIV. P. 12(B)(2) OR FOR TRANSFER OF VENUE
PURSUANT TO 28 U.S.C. § 1404 (C-08-0322-MJP) Page - 10

N:\CLIENTS\27837\1\PLEADINGS\MOTION.TO.DISMISS.DOC

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

whether "the assumption of jurisdiction offends traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Shinawatra*, 82 Wn. App. at 720. "In making this determination, courts consider the quality, nature, and extent of the defendant's activities in Washington, the relative convenience of the plaintiff and the defendant in maintaining the action here, the benefits and protection of Washington's laws afforded the parties, and the basic equities of the situation." *Id.* The Ninth Circuit has similarly set out seven factors to be weighed in evaluating the reasonableness of exercising personal jurisdiction in a particular case. *Core-Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482, 1487-88 (9th Cir. 1993). They are:

> (1) the extent of the defendants' purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Id.* No one of the factors is dispositive in itself. Instead, the Court must balance all seven. *FDIC v. British-American Ins. Co.*, 828 F.2d 1439, 1442 (9th Cir. 1987). Here, balancing these factors establishes that this Court's exercise of jurisdiction over Lowe would not comport with due process.

First, for the reasons articulated above, even if the Court finds that Lowe has interjected himself into Washington's affairs, that interjection is extremely limited. He did not sign the Agreement, was not a party to the Agreement, and did not negotiate the Agreement. Lowe Dec., ¶¶ 13-14. Moreover, assuming he did misappropriate some funds belonging to Ennis (which Lowe denies), those funds were located in MortgageTree's bank account in California, not Washington. *Id.*, ¶ 16. This factor weighs against finding that jurisdiction is reasonable. *Core-*

DEFENDANT LOWE'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(2) OR FOR TRANSFER OF VENUE PURSUANT TO 28 U.S.C. § 1404 (C-08-0322-MJP)  Page - 11

N:\Clients\27837\1\Pleadings\Motion.to.Dismiss.doc

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1  *Vent*, 11 F.3d at 1488 (where nonresident defendant's contacts with the forum state meet the

2  purposeful availment test but are nevertheless attenuated, that fact weighs against finding that

3  jurisdiction is reasonable).

4      Second, forcing Lowe to participate in this litigation in Washington will impose a

5  significant burden on him. He lives in Modesto, California. Lowe Dec., ¶ 2. He does not travel

6  to Washington regularly, and in fact had not been to Washington prior to the initiation of this

7

8  lawsuit in the past 20 years. *Id.*, ¶ 12.

9      Importantly, an alternate forum exists in California. It is also the most efficient forum in

10  which to litigate this dispute. In evaluating this factor, the Court looks primarily at where the

11  witnesses and evidence are likely to be located. *Core-Vent*, 11 F.3d at 1489. Many of the

12  witnesses who will be called to testify in this trial are located in California. In fact, all of the

13  individual defendants reside there. Declaration of Rodney K. Lowe in Support of Notice of

14  Removal (Dkt. 2.), ¶¶ 2-6. MortgageTree is incorporated and headquartered in California. *Id.*, ¶

15

16  3. MortgageTree's bank is located in California, Lowe Dec., ¶ 16. Procuring MortgageTree's

17  business records and other evidence from its banks and third party advisors will be much more

18  difficult if the parties are forced to proceed in this forum instead of in California. For all of these

19  reasons, it would be unreasonable for Lowe to be forced to litigate this matter in Washington.

20  **C.    Lowe is entitled to recover his attorneys' fees pursuant to RCW 4.28.185(5).**

21      The trial court may award a nonresident defendant his reasonable attorneys' fees where

22  the nonresident defendant prevails in an action on the basis that the court lacked personal

23  jurisdiction under the long-arm statute. RCW 4.28.185(5); *Shinawatra*, 82 Wn. App. at 722.

24  Accordingly, this Court should award Lowe his reasonable attorneys' fees, in an amount to be

25  determined.

26

DEFENDANT LOWE'S MOTION TO DISMISS PURSUANT TO
FED. R. CIV. P. 12(B)(2) OR FOR TRANSFER OF VENUE
PURSUANT TO 28 U.S.C. § 1404 (C-08-0322-MJP)  Page - 12

N:\Clients\27837\1\Pleadings\Motion.to.Dismiss.doc

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**D.    If the Court determines that it has personal jurisdiction over Lowe, transfer of venue to the Eastern District of California is appropriate.**

For the convenience of the parties and witnesses, and in the interests of justice, a district court may transfer any civil action to any other district in which the lawsuit "might have been brought." 28 U.S.C. § 1404(a); *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). 28 U.S.C. § 1404(a) presents two requirements for transfer: "(1) that the district to which defendants seek to have the action transferred is one in which the action 'might have been brought,' and (2) that the transfer be for the convenience of the parties and witnesses, and in the interest of justice." *Amazon.com v. Cendent Corp.*, 404 F. Supp. 2d 1256, 1259 (W.D. Wash. 2005). 28 U.S.C. § 1404 displaces the common law doctrine of *forum non conveniens*, and under the statute, the court may transfer a case upon a lesser showing of inconvenience than was needed for dismissal under the doctrine of *forum non conveniens. Id.*

Satisfaction of the first element is easily met here. This case could have been brought in the Eastern District of California. Venue would have been proper because all of the defendants reside in California, and at least two of the defendants, MortgageTree and Lowe, are residents of Modesto, California, which is within the Eastern District. 28 U.S.C. § 1391(a)(1). Moreover, since all of the defendants are residents of California, that court would have jurisdiction over this dispute.

Thus, whether transfer is appropriate turns on "convenience of the parties and witnesses, and in the interest of justice" element. In making this determination, the Court should employ the following eight-factor test:

> (1) the convenience of the parties and the witnesses; (2) the location where the alleged events in the lawsuit took place; (3) the relative ease of access to sources of proof; (4) the plaintiff's choice of forum; (5) the pendency of related litigation in the transferee forum; (6) the relative congestion of the two courts; (7) the public interest in the local adjudication of local

DEFENDANT LOWE'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(2) OR FOR TRANSFER OF VENUE PURSUANT TO 28 U.S.C. § 1404 (C-08-0322-MJP)  Page - 13

N:\Clients\27837\1\Pleadings\Motion.to.Dismiss.doc

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1  controversies; and (8) the relative familiarity of the two courts with the
2  applicable law.

3  *Amazon.com*, 404 F. Supp. 2d at 1259; *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d

4  834, 843 (9th Cir. 1986). As Lowe has argued above, many of these factors weigh in favor of

5  transferring this case to California.

6      First, it is more convenient for the parties and the witnesses. Ennis will undoubtedly

7  argue that his choice of Washington as the forum for this dispute is entitled to a great deal of

8  deference. However, as the court in *Amazon.com* found, "[b]ecause § 1404 application results in

9  transfer, not dismissal as in *forum non conveniens*, a lesser showing of inconvenience is required

10  to upset plaintiff's choice." *Id.*, at 1259.

11      All four of the individual defendants live in California, and MortgageTree's headquarters

12  are in California. Lowe Declaration in Support of Notice of Removal (Dkt. 2), ¶¶ 2-6. This

13  factor weighs in favor of transferring venue. *Amazon.com*, 404 F. Supp. 2d at 1260 ("the Court

14  may look at the sheer weight of the numbers [here, one plaintiff versus five defendants] in

15  considering convenience").

16      Further, Ennis's Amended Complaint alleges that the defendants took money out of

17  MortgageTree Lending for their own benefits, and misappropriated the insurance proceeds. If

18  true, (which Lowe disputes) these actions occurred in California, where MortgageTree's bank

19  accounts were located. Lowe Dec., ¶ 16. MortgageTree's business and banking records are

20  likewise located in California. Additionally, while the parties have not disclosed their potential

21  witnesses, it is likely that many of them will be residents of California, given that MortgageTree

22  was based there. It will be much easier for the parties to access this evidence and these

23  witnesses, by subpoena or otherwise, if the case is transferred to California.

24
25
26

DEFENDANT LOWE'S MOTION TO DISMISS PURSUANT TO
FED. R. CIV. P. 12(B)(2) OR FOR TRANSFER OF VENUE
PURSUANT TO 28 U.S.C. § 1404 (C-08-0322-MJP) Page - 14

N:\CLIENTS\27837\1\PLEADINGS\MOTION.TO.DISMISS.DOC

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Whether transfer is in the interest of justice (factors 5-7 above) is the most important factor. *Id.*, 404 F. Supp. 2d at 1261 ("[c]onsideration of the interest of justice, which includes judicial economy, 'may be determinative of a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result'") (internal citations omitted). In considering the interests of justice, the Court should weigh such factors as "ensuring speedy trials, trying related litigation together, and having a judge who is familiar with the applicable law try the case." *Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (9th Cir. 1989). The first two of these factors do not tip in either Ennis or Lowe's favor, while the third tips sharply in favor of transfer.

According to the Administrative Office of the United States Courts, the median length of time from filing to disposition of cases filed in this Court is 9.4 months, while in the Eastern District of California the median length of time is 9.5 months, a difference which is negligible. Crichton Dec., Ex. C. There are no related cases pending in either district.

Importantly, the Agreement, Waiver and General Release between Ennis and Lowe includes a choice-of-law provision calling for California law to govern this dispute. *Id.*, Ex. A, at ¶ 13. The insurance proceeds that defendants allegedly misappropriated were located in California. As between this Court and the Eastern District of California, the latter likely has more familiarity with, and experience in applying, California law to this type of dispute. When combined with the relative convenience of the parties, and the fact that all five defendants reside in California, this factor weighs in favor of transfer.

## IV. CONCLUSION

Defendant Rodney K. Lowe is a California resident who has not transacted any business in Washington or committed any tortious acts within Washington. Consequently, this Court does

DEFENDANT LOWE'S MOTION TO DISMISS PURSUANT TO
FED. R. CIV. P. 12(B)(2) OR FOR TRANSFER OF VENUE
PURSUANT TO 28 U.S.C. § 1404 (C-08-0322-MJP)  Page - 15

N:\Clients\27837\1\Pleadings\Motion.to.Dismiss.doc

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1    not have jurisdiction over him pursuant to Washington's long-arm statute. Requiring Lowe to

2    appear and defend himself in this forum would be unreasonable and offend "traditional notions

3    of fair play and substantial justice."

4          For the foregoing reasons, Lowe respectfully requests that this Court dismiss plaintiff

5    Robert Ennis's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(2), and award Lowe his

6    reasonable attorneys' fees pursuant to RCW 4.28.185(5). In the alternative, should this Court

7    determine that it does have jurisdiction over Lowe, he requests that pursuant to 28 U.S.C. §

8    1404, for convenience and in the interests of justice, this Court transfer the case to the Eastern

9    District of California.

10         DATED this 29th day of February, 2008.

11

12                                    KELLER ROHRBACK L.L.P.

13

14

15                            By

16                                    Rob J. Crichton, WSBA #20471
                                      Attorneys for Defendant Rodney K. Lowe

17

18

19

20

21

22

23

24

25

26

DEFENDANT LOWE'S MOTION TO DISMISS PURSUANT TO
FED. R. CIV. P. 12(B)(2) OR FOR TRANSFER OF VENUE
PURSUANT TO 28 U.S.C. § 1404 (C-08-0322-MJP)  Page - 16
N:\CLIENTS\27837\1\PLEADINGS\MOTION.TO.DISMISS.DOC

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384